# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| ALEXANDER EASLICK, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | NO. CIV-10-1099-HE |
| GREG PROVINCE, Warden, | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Alexander Easlick, a state prisoner appearing *pro se*, filed this case pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus. In his petition, Mr. Easlick claims his constitutional rights were violated in conjunction with disciplinary proceedings conducted at the Dick Conner Correctional Center.[1] Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Gary M. Purcell, who has recommended that the petition be dismissed without prejudice.

As the magistrate judge stated, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). A narrow exception to the requirement is "if a petitioner can demonstrate that exhaustion is futile." Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010). The magistrate

---

[1] *The Disciplinary Hearing Report, a copy of which is attached to the petition, reflects that punishment for the disciplinary conviction was imposed upon petitioner, including the loss of 365 earned credits. See Doc. #5, p.2.*

judge concluded that petitioner had failed to exhaust available state remedies, because, at the time, petitioner had an available state court remedy for pursuing his federal claims under 57 Okla. Stat. § 564.1.[2] He noted that § 564.1 afforded "judicial review of prison disciplinary proceedings that involve the revocation of earned good behavior credits," *see* Magar v. Parker, 490 F.3d 816, 818 (10th Cir. 2007), as long as petitioner filed a petition in state court within ninety days of receiving the Department of Corrections' final decision. 57 Okla. Stat. § 564.1(A)(1). At the time the magistrate judge issued his report and recommendation, petitioner had approximately three weeks until the ninety-day limitation ran on November 5, 2010. *See* Doc. #5 (filed Oct. 15, 2010). On October 21, 2010, with approximately two weeks of time still remaining, petitioner filed his objection in this case, claiming that "the time for petitioner to seek relief within the state courts would have fully expired or be so imminent that it would be impossible for him to comply with by the time his case is decided." [Doc. #6]. Petitioner fails to provide any other justification for not filing his state court claim within the appropriate limitations period.

Because the ninety-day limitations period has since run and petitioner has failed to adequately show why exhaustion is futile, the court agrees with the magistrate judge's finding that petitioner failed to exhaust his state court remedies.

Generally, "if state court remedies are no longer available because the prisoner failed

---

[2]*Section 564.1(A) provides that "[i]n those instances of prison disciplinary proceedings that result in the revocation of earned credits, the prisoner, after exhausting administrative remedies, may seek judicial review in the district court of the official residence of the Department of Corrections."*

2

to comply with the deadline for seeking review, the prisoner's procedural default functions as a bar to federal habeas review." Magar, 490 F.3d at 819 (citing Woodford v. Ngo, 548 U.S. 81, 93 (2006)). Only if petitioner can show cause for his procedural default and resulting prejudice or that a failure to review his claims will result in a fundamental miscarriage of justice will petitioner's procedural default be excused. Id. at 819.

In other circumstances, the court might be inclined to recommit this case to the magistrate judge to give petitioner an opportunity to demonstrate some excuse for his procedural default. Here, however, the record makes it quite clear that there is no basis for any such claim by petitioner. The magistrate judge's report and recommendation specifically called to petitioner's attention the available state review procedure and the then-unexpired deadline by which it needed to be invoked. Petitioner promptly filed a response to the report and recommendation, making it clear he had received the report and recommendation, and knew about the pending deadline. Notwithstanding that knowledge and the existence of sufficient time to commence a state review proceeding—roughly two weeks before the deadline—petitioner elected to forego that procedure and instead pursued his objections here. Having chosen that course of action, he is in no position to now urge some excuse for abandoning state remedies which were plainly available to him.

Accordingly, the petition for writ of habeas corpus is **DENIED**.

**IT IS SO ORDERED**.

Dated this 18th day of March, 2011.

JOE HEATON
UNITED STATES DISTRICT JUDGE